Filed 10/27/25  Hillman v. A1 Dedicated Transport CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DEREK HILLMAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>A1 DEDICATED TRANSPORT LLC, et al.,<br><br>    Defendants and Appellants. | B343272<br><br>(Los Angeles County<br>Super. Ct. No. 23STCV08908) |

APPEAL from an order of the Superior Court of Los Angeles County, Steve Cochran, Judge.  Reversed and remanded with directions.

Hill, Farrer & Burrill, E. Sean Mcloughlin and Erika A. Silverman for Defendants and Appellants.

Messrelian Law Inc. and Harout Messrelian for Plaintiff and Respondent.

————————————

This is an appeal from an order denying a petition to compel arbitration filed by defendants and appellants A1 Dedicated Transport LLC (A1), Simplified Transport LLC (Simplified), and Ashish Wahi (sometimes referred to collectively as appellants). Although the trial court found that Simplified and A1 entered into a valid release agreement with plaintiff and respondent Derek Hillman (a former Simplified employee), the court denied the petition because it found that the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) does not apply to the arbitration clause contained in that release. If the FAA were applicable, however, then the statute would preempt Labor Code section 229, which is a statute that otherwise could allow Hillman to pursue certain of his wage and hour claims in court notwithstanding the parties' arbitration clause.

On appeal, we reject Hillman's assertion that the release is unenforceable. We also reject appellants' contention that only the arbitrator has authority to determine whether the release is statutorily exempt from the FAA. Turning to the question of whether the FAA applies to the arbitration clause in the release, we conclude the statute does apply because (1) the release is a contract evidencing a transaction involving commerce for the purposes of section 2 of the Act, and (2) the release is not a contract of employment subject to the transportation worker exemption in section 1 of the FAA. Although we reverse the order denying the petition to compel arbitration, we do not decide which of Hillman's claims are subject to arbitration or whether appellant Wahi may invoke the arbitration clause even though he is not a party to the release. The trial court may address these unresolved questions on remand.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

We summarize only those facts relevant to our disposition of this appeal.

Simplified is a staffing company that places employees in temporary work assignments. Wahi is an owner of Simplified. A1 is a logistics company and a customer of Simplified.

In or around May 2022, Simplified hired Hillman and assigned him to work as a truck driver for A1. (Discussion, part B, *post* [describing in greater detail certain undisputed facts relating to Hillman's employment].) On October 5, 2022, Simplified terminated Hillman's employment. Also on that date, Simplified provided Hillman with a document titled "Agreement to Waive and Release Claims." (Some capitalization omitted.) As shorthand, we refer to this document as the "release" or "agreement."

The release provides that it "is entered into between Simplified . . . and A1 . . . (collectively, 'Company') and . . . Hillman . . . ." In the release, Simplified and A1 agree to pay Hillman $1,400 "upon the Company's receipt of a copy of this Agreement fully executed by" Hillman. As consideration for that payment, Hillman "forever waives, releases and discharges the Company, . . . and its and their officers, directors, members, shareholders, agents and employees, past and present, and each of them, (collectively, 'Company Releasees'), from any and all claims whatsoever . . . that [Hillman] has or may have against . . .

---

[1] We derive our Factual and Procedural Background in part from admissions made by the parties in their filings. (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 772, fn. 2 (*Association for Los Angeles Deputy Sheriffs*) [utilizing this approach].)

the Company Releasees arising out of [Hillman's] employment with the Company, and arising prior to [Hillman] signing this Agreement, except for claims arising under the California Fair Employment and Housing Act (hereinafter 'Released Claims'). Without limitation, the Released Claims include all claims under the California Labor Code and all claims arising under federal or state wage and hour laws.  [Hillman] agrees not to file any claim, charge, complaint, or lawsuit relating to any of the Released Claims."

The release contains the following arbitration clause:  "The Company and [Hillman] agree that any dispute arising under, out of or regarding this Agreement, including any dispute over the formation, validity, enforcement, scope, breach, or interpretation of this Agreement, as well as any disputes between the parties regarding unreleased claims shall be submitted to and resolved exclusively by individual arbitration under Employment Arbitration Rules of the American Arbitration Association (www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf.)"

Hillman signed the release, and on October 20, 2022, he returned the signed release to Simplified.  Hillman asserts, "[H]e revoked his signature via a written notice delivered to the Simplified human resources office on October 22, 2022."  Hillman also seems to claim that on October 26, 2022, he refused to accept a $1,400 check that Simplified offered to him.  (Discussion, part A, *post* [discussing Hillman's assertion].)

On April 21, 2023, Hillman filed a complaint against A1, Simplified, and Wahi in which he asserted the following 12 causes of action:  (1) failure to compensate for all hours worked; (2) failure to pay minimum wages; (3) failure to pay overtime; (4) failure to provide accurate itemized wage

4

statements; (5) failure to pay wages when employment ends; (6) failure to pay wages owed every pay period; (7) failure to give rest breaks; (8) failure to give meal breaks; (9) failure to reimburse business expenses; (10) failure to provide personnel file; (11) failure to provide pay records; and (12) violation of Business and Professions Code section 17200.

Appellants filed a petition to compel arbitration, arguing that the arbitration clause contained in the release is enforceable under either the FAA or the California Arbitration Act (CAA). Hillman opposed the petition, arguing, among other things, that no agreement had been formed and title 9 United States Code section 1 exempted his claims from the FAA. Appellants filed a reply supporting their petition.

On September 5, 2024, the trial court issued a brief minute order denying appellants' petition. The court's stated rationale for denying the petition was: "The Court finds there is a valid agreement and also finds an exemption, therefore motion is denied." On December 12, 2024, appellants appealed from the order denying their petition to compel arbitration.[2]

---

[2] A certificate of mailing included in the appellants' appendix indicates that on September 5, 2024, the trial court clerk mailed the order denying the petition to compel arbitration only to Hillman's—but not appellants'—counsel. On November 21, 2024, appellants' counsel filed and served on Hillman's attorney a notice of entry of the order denying the petition to compel arbitration. Because appellants filed their notice of appeal within 60 days of November 21, 2024, their appeal is timely. (See Cal. Rules of Court, rule 8.104(a)(1) ["[A] notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves *on the party filing the notice of appeal* a document entitled 'Notice of Entry' of

## APPLICABLE LAW AND STANDARD OF REVIEW

The FAA " ' " 'declare[s] a national policy favoring arbitration' of claims that parties contract to settle in that manner." [Citation.]' [Citation.]" (*Western Bagel Co., Inc. v. Superior Court* (2021) 66 Cal.App.5th 649, 662.) "The FAA 'pre-empts state laws which "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." ' [Citation.]" (*Prima Donna Development Corp. v. Wells Fargo Bank, N.A.* (2019) 42 Cal.App.5th 22, 36.) The FAA is "enforceable in both state and federal courts." (See *Perry v. Thomas* (1987) 482 U.S. 483, 489 (*Perry*).)

Although section 2 of the FAA generally requires enforcement of an arbitration clause in "a contract evidencing a transaction involving commerce,"[3] the transportation worker exemption in section 1 of the statute provides: "[N]othing herein contained shall apply to contracts of employment of seamen,

---

judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after *the party filing the notice of appeal serves* or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment," italics added]; see also *id.*, rule 8.104(e) ["As used in (a) . . . , 'judgment' includes an appealable order if the appeal is from an appealable order."]; *Cruz v. Tapestry, Inc.* (2025) 113 Cal.App.5th 943, 951, fn. 4 [noting that an order denying a petition to compel arbitration is appealable].)

[3] (See 9 U.S.C. § 2.)

railroad employees, or any other class of workers engaged in foreign or interstate commerce."[4]

"The party asserting the FAA applies to an agreement has 'the burden to demonstrate FAA coverage by declarations and other evidence.' [Citations.]" (*Evenskaas v. California Transit, Inc.* (2022) 81 Cal.App.5th 285, 292 (*Evenskaas*).) "In general, when the relevant facts are undisputed, whether interstate commerce was involved so as to implicate the FAA is a question of law subject to de novo review." (*Casey v. Superior Court* (2025) 108 Cal.App.5th 575, 583, fn. 6 (*Casey*).)

"[T]he party opposing the motion to compel arbitration bear[s] the burden to demonstrate that the [transportation worker] exemption applies." (See *Betancourt, supra,* 62 Cal.App.5th at p. 559.) When the facts relevant to the applicability of the transportation worker exemption are undisputed, we review that legal question de novo. (See *ibid.* ["As FAA applicability is a question of law, we review the trial court's determination de novo."]; *In re. J.R.* (2022) 82 Cal.App.5th 569, 588 [" 'Matters presenting pure questions of law, not involving the resolution of disputed facts, are subject to de novo review.' "].)

---

[4]  (9 U.S.C. § 1; see also *Betancourt v. Transportation Brokerage Specialists, Inc.* (2021) 62 Cal.App.5th 552, 558 (*Betancourt*) [noting that "the catchall clause in section 1 [of the FAA]—'any other class of workers engaged in foreign or interstate commerce'—does not refer to *all* workers involved in foreign or interstate commerce, but rather only to 'transportation workers' "].)

## DISCUSSION

Although the trial court's order denying appellants' petition to compel arbitration is terse, there is no dispute the court ruled (1) the parties entered into a valid release, but (2) the arbitration clause in that agreement is unenforceable because the transportation worker exemption in the FAA applies. The parties agree that if the arbitration clause is not governed by the FAA, then Labor Code section 229 arguably could preclude appellants from compelling Hillman to arbitrate certain of his causes of action against them.[5] Conversely, if the FAA governs, then the statute preempts Labor Code section 229's exemption of particular claims from arbitration.[6]

---

[5] Labor Code section 229 provides in relevant part: "Actions to enforce the provisions of [Article 1 of Chapter 1 of Part 1 of Division 2 of the Labor Code] for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate." (See Lab. Code, § 229.) Appellants maintain that one "claim for unpaid wages" in Hillman's complaint "potential[ly]" falls within Labor Code section 229's exemption from arbitration, whereas Hillman argues five of his 12 claims "meet[ ] the criteria of Labor Code section 229 . . . ."

[6] (See *Perry, supra,* 482 U.S. at pp. 490–492 [holding that "§ 2 of the Federal Arbitration Act preempts § 229 of the California Labor Code"]; *Garrido v. Air Liquide Industrial U.S. LP* (2015) 241 Cal.App.4th 833, 844–845 ["The FAA preempts Labor Code section 229, requiring enforcement of an arbitration agreement covering such a claim. [Citation.] In contrast, when only the CAA applies, an action under Labor Code section 229 may be maintained in court."].)

On appeal, Hillman argues the denial order should be affirmed because the release is unenforceable.[7]  As for the applicability of the FAA, appellants contend the arbitration clause is enforceable under section 2 of the statute and the clause delegates sole authority to the arbitrator to determine whether the FAA's transportation worker exemption applies.  On the merits, appellants argue the exemption is inapplicable.

We conclude the trial court erred in denying appellants' petition to compel arbitration.  First, Hillman fails to demonstrate the release is unenforceable.  (Discussion, part A, *post*.)  We further conclude the arbitration clause is in a contract evidencing a transaction involving commerce for the purposes of section 2 of the FAA.  (Discussion, part B, *post*.)  We also reject appellants' argument that the delegation clause barred the trial court from determining whether the transportation worker exemption applies.  (Discussion, part C, *post*.)  We, however, conclude the release does not fall within that exemption because it is not a contract of employment.  (Discussion, part D, *post*.)  Accordingly, the FAA governs and preempts Labor Code section 229.[8]  Lastly, the parties do not address with cogent legal authority which of Hillman's claims must be arbitrated or whether Wahi may enforce the arbitration clause even though he

---

[7] Because appellants did not file a reply brief, they offer no written rebuttal to this argument.

[8] In light of our conclusion that the FAA applies, we do not address appellants' contention that "California law . . . [would have] required enforcement of the parties' agreement to arbitrate" "even if . . . the agreement in this case were outside the coverage of the FAA."

9

is not a party to the release. We thus leave those questions to the trial court to resolve upon remand. (Discussion, part E, *post*.)

## A. Hillman Fails To Demonstrate the Release Is Unenforceable

Aside from his assertion the FAA is inapplicable, Hillman raises three challenges to the enforceability of the release: (1) "[N]o valid contract [was] formed" because "no consideration [was] provided"; (2) Civil Code section 1689 authorizes Hillman to rescind the release; and (3) the release is unenforceable under title 29 United States Code section 626(f). None of these arguments is persuasive.

As for his contention that "no consideration was ever delivered to [him,]" Hillman seems to argue that six days after he returned the signed release to Simplified, he refused to accept a $1,400 check that Simplified offered to him. This argument is not consistent with hornbook contract law. In particular, (1) " 'A tender is an offer of performance made with the intent to extinguish the obligation' [citations]"; and (2) "[w]hen properly made, a tender puts the other party in default if he or she refuses to accept it." (*Waterwood Enterprises, LLC v. City of Long Beach* (2020) 58 Cal.App.5th 955, 970.) Because Hillman does not argue Simplified's attempt to pay him $1,400 falls short of proper tender, he fails to show the release is invalid for lack of consideration. (See *In re D.N.* (2020) 56 Cal.App.5th 741, 767 (*D.N.*) [" ' "Although it is the appellant's task to show error, there is a corresponding obligation on the part of the respondent to aid the appellate court in sustaining the judgment. '[I]t is as much the duty of the respondent to assist the [appellate] court upon the appeal as it is to properly present a case in the first instance, in the court below.' " ' "].)

Next, citing Civil Code section 1689, subdivisions (b)(2), (b)(3), (b)(4), and (b)(6), Hillman argues he is authorized to rescind the release "because California law permits rescission when consideration fails in whole or in part due to the other party's fault, or when the consideration becomes void from any cause, or if the consideration, before being rendered, fails in a material respect from any cause, as well as when allowing the contract to stand would prejudice public interest."**9** Hillman seems to contend that "[t]he absence of consideration here" gives rise to his statutory right to rescind the release. Hillman's contention Simplified did not deliver consideration to him fails for the reasons stated earlier in this section. Hillman does not argue that even if we reject his claim of lack of consideration, he may nonetheless invoke Civil Code section 1689.

Lastly, Hillman argues the release is unenforceable under title 29 United States Code section 626(f). This provision states, "An individual may not waive any right or claim under this chapter," that is, a claim or right under the Age Discrimination in Employment Act (ADEA), "unless the waiver is knowing and

---

**9** Civil Code section 1689 provides in pertinent part: "(b) A party to a contract may rescind the contract in the following cases: [¶] . . . [¶] (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds. [¶] (3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause. [¶] (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause. [¶] . . . [¶] (6) If the public interest will be prejudiced by permitting the contract to stand." (Civ. Code, § 1689, subds. (b)(2)–(b)(4) & (b)(6).)

11

voluntary."[10]  "[A] waiver may not be considered knowing and voluntary unless" certain statutory requirements are met, including "the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired." (See 29 U.S.C. § 626(f)(1) & (f)(1)(G).)  Among other things, Hillman asserts he validly revoked his execution of the release within that seven-day statutory period.

Hillman does not show that title 29 United States Code section 626(f) has any bearing on this case.  Hillman does not argue he raised a claim or invoked a right under the ADEA. Furthermore, Hillman does not raise an ADEA claim in his complaint.  We thus decline to address this issue further.  (See *D.N.*, *supra*, 56 Cal.App.5th at p. 767 [holding that the respondent has an obligation to assist the appellate court in sustaining the lower court's ruling].)

We next address whether the FAA applies to this case.

## B.    The Release Is a Contract Evidencing a Transaction Involving Commerce for the Purposes of Section 2 of the FAA

Section 2 of the FAA provides:  "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement

---

[10]  (See 29 U.S.C. § 626(f)(1); see also *Chaplin v. Nationscredit Corp.* (5th Cir. 2002) 307 F.3d 368, 375 [noting that chapter 14 of title 29 of the United States Code is the ADEA].)

in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." (9 U.S.C. § 2.) As used in the FAA, " 'commerce' . . . means commerce among the several States or with foreign nations . . . ." (See *id.* § 1.)

"For purposes of section 2, the 'word "involving" is broad and is indeed the functional equivalent of "affecting," ' which 'signals Congress' intent to exercise its Commerce Clause powers to the full.' [Citations.] Therefore, the FAA's 'reach is expansive and coincides with that of the commerce clause.' [Citations.]" (*Evenskaas*, *supra*, 81 Cal.App.5th at pp. 291–292.) "Because the FAA's reach coincides with that of the commerce clause, the statute 'applies not only to the actual physical interstate shipment of goods but also contracts relating to interstate commerce.' [Citation.]" (*Casey*, *supra*, 108 Cal.App.5th at p. 583.)

Appellants do not dispute, and thus tacitly agree with, the following facts set forth in Hillman's appellate brief: (1) Hillman began his employment with Simplified in or around May 2022, at which time Simplified assigned Hillman to work for A1; (2) while working for A1, Hillman was a truck driver whose job responsibilities consisted of transporting containers from ports in Long Beach or San Pedro to local yards; (3) the containers Hillman transported originated from locations outside the state,

13

meaning his "deliveries constituted a continuation of the [containers'] interstate journey."[11]

By transporting goods originating outside the state to destinations within California, Hillman, at the behest of Simplified and A1, engaged in "an inherently commercial activity" that falls within the scope of section 2 of the FAA. (See *Evenskaas*, *supra*, 81 Cal.App.5th at pp. 295–296; see also *ibid.* [observing that "[c]ourts considering arbitration agreements between local transportation or delivery companies and their drivers have recognized the agreements involve interstate commerce under the FAA," especially if the goods " 'originated across state lines' "].)

Although Hillman did not agree in the release to perform this work for Simplified and A1, he did agree to release claims against appellants "arising out of [Hillman's] employment with" Simplified and A1. Because the release "*relat[es]* to interstate commerce' " (*Casey*, *supra*, 108 Cal.App.5th at p. 583, italics added), it is a "contract evidencing a transaction involving commerce" for the purposes of section 2 of the FAA (see 9 U.S.C. § 2; see also *Harrington v. Atlantic Sounding Co.* (2d Cir. 2010) 602 F.3d 113, 115–117, 121 (*Harrington*) [holding that the FAA governed an agreement by a seaman's employers to compensate the seaman for a work-related injury, even though the agreement was not a contract of employment]).

Because the release falls within the scope of section 2 of the FAA, that statute governs unless the transportation worker

---

[11] (See *Association for Los Angeles Deputy Sheriffs*, *supra*, 94 Cal.App.5th at pp. 773–774 [holding that the appellants "tacitly concede[d]" a point raised in the respondents' brief by "failing to dispute it in their reply"].)

14

exemption applies to this case. Before addressing that issue, we respond to appellants' contention that the arbitrator must decide whether this case is exempt from the FAA.

## C. Assuming Arguendo the Parties Delegated to the Arbitrator Sole Authority To Decide Whether the Transportation Worker Exemption Applies, United States Supreme Court Authority Dictates that a Court Must Resolve That Issue

On appeal, appellants contend the release "plainly delegated to the arbitrator" authority to decide what "impact, if any, . . . the transportation worker exemption [has on] the scope of arbitrable claims in this case." According to appellants, the trial court thus "should never have" ruled on the applicability of the exemption. Assuming arguendo the parties to the release intended to delegate to the arbitrator exclusive authority to determine whether the transportation worker exemption applies, we nonetheless conclude for the reasons set forth below that the trial court was required to resolve that issue.

The United States Supreme Court held in *New Prime Inc. v. Oliveira* (2019) 586 U.S. 105 that even if "[t]he parties' private agreement [is] crystal clear and require[s] arbitration of every question under the sun," "a court should decide for itself whether [the transportation worker exemption] applies before ordering arbitration" under the FAA. (See *New Prime Inc.*, at pp. 111–112.) *New Prime Inc.* reasoned the FAA authorizes a court to "stay litigation and compel arbitration 'accord[ing to] the terms' of the parties' agreement" "only if the clause appears in a 'written provision in . . . a contract evidencing a transaction involving commerce' consistent with § 2 [of the FAA] . . . . [a]nd only if the contract in which the clause appears doesn't trigger § 1's

15

'contracts of employment' exception." (See *New Prime Inc.*, at pp. 110–112.) Therefore, it was the trial court's responsibility to determine whether the release triggered that exemption.

**D. The Transportation Worker Exemption to the FAA Does Not Apply Because the Release Is Not a Contract of Employment**

The transportation worker exemption to the FAA provides: "[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." (9 U.S.C. § 1; see also fn. 4 & accompanying text, *ante*.)

The United States Supreme Court has held that the statutory term " 'contracts of employment' " in the exemption " 'should be "interpreted as taking [its] ordinary . . . meaning . . . at the time Congress enacted the statute" ' " and that, "at the time of the Act's adoption in 1925[,] . . . . a 'contract of employment' usually meant nothing more than an agreement to perform work." (See *New Prime Inc.*, *supra*, 586 U.S. at pp. 112–114; see also *id.* at p. 121 ["When Congress enacted the Arbitration Act in 1925, the term 'contracts of employment' referred to agreements to perform work."].) Because "a contract of *employment* did not necessarily imply the existence of an employer-employee or master-servant relationship" in 1925, "most people then would have understood § 1 [of the FAA] to exclude not only agreements between employers and employees but also agreements that require independent contractors to perform work." (See *id.* at pp. 114, 118.) Additionally, the high court identified Congress's rationale for excluding " 'contracts of employment of . . . workers engaged in foreign or interstate commerce' " from the FAA's coverage: "By the time it adopted the

16

Arbitration Act in 1925, Congress had already prescribed alternative employment dispute resolution regimes for many transportation workers. And it seems Congress 'did not wish to unsettle' those arrangements in favor of whatever arbitration procedures the parties' private contracts might happen to contemplate." (See *id.* at pp. 109–111.)

Bearing in mind *New Prime Inc.*'s interpretation of the term "contracts of employment" for purposes of the transportation worker exemption, we turn to the parties' release. The contract does not obligate Hillman to perform work. Furthermore, Hillman's assent to the release was not a condition of employment, given there is no dispute he signed and returned the release after he had been terminated. Rather, in exchange for Simplified's and A1's promise to pay Hillman $1,400 "upon the[ir] receipt of a copy of this Agreement fully executed by [Hillman,]" Hillman agreed to "waive[ ], release[ ] and discharge" Simplified, A1, and certain other third parties "from any and all claims whatsoever . . . arising out of [Hillman's] employment with [Simplified and A1], and arising prior to [Hillman] signing this Agreement, except for claims arising under the California Fair Employment and Housing Act . . . ." Because the contract is an agreement for the release of claims and not for the performance of work, it falls beyond the scope of the transportation worker exemption.

The fact the term "contracts of employment" in the exemption refers only to agreements to perform work is confirmed by the Second Circuit's holding that the term does not encompass a contract in which a seaman's employers agreed to pay him advances on any future recovery for his work-related injury in return for the seaman's promise to arbitrate his claims

17

against them.  (See *Harrington, supra*, 602 F.3d at pp. 115–117, 121.)  *Harrington* reasoned the United States "Supreme Court has strongly suggested that arbitration agreements . . . do not constitute 'contracts of employment' where the arbitration agreement is 'not contained' in a broader employment agreement between the parties[.]  [Citations.]"  (See *id.* at p. 121, citing, inter alia, *Gilmer v. Interstate/Johnson Lane Corp.* (1991) 500 U.S. 20, 25, fn. 2.)  *Harrington* further explained, "[I]f the term 'contracts of employment' was read so broadly as to include independent arbitration agreements, then *every* seamen contract would be exempt from the FAA, thereby rendering" nugatory this textual limitation vis-à-vis contracts of employment.  (See *Harrington*, at p. 121.)

*Harrington*'s reasoning applies with even greater force here, where Hillman executed the release after he was terminated.  In *Harrington*, the seaman executed the agreement and an amendment prior to his termination.  (See *Harrington, supra*, 602 F.3d at pp. 116–117 [noting the seaman signed the agreement and an amendment thereto in July and December 2005, respectively, and that he was terminated in January 2006].)  Because Hillman executed the instant release *after* his employment ended, a fortiori, the release is not a contract of employment either.

Hillman counters that the transportation worker exemption is sufficiently broad to encompass the release.  He claims Labor Code section 2750 defines a contract of employment as "a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person" (Lab. Code, § 2750), which "benefit" he argues includes an employee's release of

18

claims against his employer. Hillman also points out that Code of Civil Procedure section 1280, subdivision (f) includes former employees in that statute's definition of " '[e]mployee.' " (Code Civ. Proc., § 1280, subd. (f).)

We fail to discern why these state law definitions of "contract of employment" and "employee" would govern our interpretation of the FAA, a federal statute. Be that as it may, *New Prime Inc.* forecloses Hillman's arguments. To reiterate, the United States Supreme Court explained that Congress's intent in enacting the FAA in 1925 governs the scope of the transportation worker exemption. (See *New Prime Inc.*, *supra*, 586 U.S. at pp. 113–114; see also *id.* at p. 120 [indicating the court was tasked with " 'respect[ing] the limits up to which Congress was prepared' to go when adopting the Arbitration Act"].) The high court found, "Congress used the term 'contracts of employment' . . . to capture any contract for the performance of *work* by *workers*" (see *id.* at p. 116), and explained that the applicability of the exemption does not hinge on "the existence of an employer-employee or master-servant relationship" (see *id.* at p. 118). Accordingly, Hillman's reliance on state statutes defining the term "employee" and regulating the employer-employee relationship is unavailing.

In sum, the release is not within the transportation worker exemption because it is not a contract for the performance of work.

19

**E.** **We Decline To Resolve, Sua Sponte, Which of Hillman's Claims Are Subject to Arbitration and Whether Wahi May Invoke the Arbitration Clause Even Though He Is Not a Party to the Release**

"[T]he threshold questions presented by every motion or petition to compel arbitration are whether an agreement to arbitrate exists [citations] and, if so, whether the parties' dispute falls within the scope of that agreement." (*Ahern v. Asset Management Consultants, Inc.* (2022) 74 Cal.App.5th 675, 687.) Additionally, " '[a]s a general matter, only signatories to an arbitration agreement may enforce it.' [Citation.] 'However, in many cases, nonparties to arbitration agreements are allowed to enforce those agreements where there is sufficient identity of parties.' [Citation.]" (*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 352.)

In their opening brief, "Appellants respectfully request this Court to reverse and vacate the order below, and direct the trial court to enter a new order compelling the arbitration of *all* of [Hillman's] wage-and-hour claims." (Italics added.) Appellants do not explain why all of Hillman's causes of action fall within the scope of the arbitration provision.[12] Appellants also do not

---

[12] As we noted earlier, appellants argue the arbitration clause delegated to the arbitrator exclusive authority to determine whether the transportation worker exemption applies. (See Discussion, part C, *ante* [rejecting this argument].) Although appellants also contend the arbitrator determines whether "Hillman's claims in this action are 'released claims' barred by . . . the Agreement or are instead 'unreleased claims' that may be pursued," they do not clarify whether they are arguing that the arbitrator has sole authority to determine

20

explain why Wahi may compel arbitration even though he is not a party to the release.

In arguing "at least five of [his] twelve claims" seek recovery of " 'due and unpaid wages[,]' " Hillman intimates that at least some of his causes of action constitute "dispute[s] arising under, out of or regarding" the release, which release in turn covers claims "arising out of [Hillman's] employment with [Simplified and A1], and arising prior to [his] signing of th[e release] . . . ." Hillman, however, does not identify which claims are subject to arbitration or address whether Wahi may invoke the arbitration clause. The trial court also did not address these issues in denying appellants' petition to compel arbitration.

We decline to resolve which of Hillman's claims must be arbitrated and whether Wahi has standing to compel arbitration of Hillman's claims. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [" 'We are not bound to develop appellants' arguments for them.' "].) We leave those issues for the trial court to address on remand. (See *EFund Capital Partners v. Pless* (2007) 150 Cal.App.4th 1311, 1314, 1330 [upon rejecting the trial court's ruling that an arbitration provision did not encompass the parties' dispute, the Court of Appeal allowed the trial court to determine on remand, inter alia, whether the defendants had standing to invoke the provision].)

---

whether the parties to the release had agreed to submit a particular claim to arbitration. Accordingly, we express no opinion on that question.

## DISPOSITION

We reverse the trial court's order denying appellants' petition to compel arbitration, and remand the matter for further proceedings consistent with this opinion.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.